WILLIAM W. GOFORTH, administrator of Curtiss Haile, deceased, plaintiff in error, *vs.* LYMAN ADAMS, defendant in error.

### *Error to Madison.*

Where a judgment was recovered in one of the counties of another grand division, prior to the organization of the present Supreme Court, a writ of error for its reversal must issue from the Court in that division.

The dismissal of a writ of error puts the case out of the control of this Court.

The defendant in error entered his motion to quash or abate the writ of error in this cause, and to dismiss it from this Court; assigning for reasons:

1. That the writ of error issued in the name of William W. Goforth, as administrator of Curtiss Haile, deceased, whereas the transcript of the record on file shows William G. Goforth to be the plaintiff and administrator of Curtiss Haile, deceased, and not William W. Goforth.

2. At the time of the issuing of the writ of error, and long before, the said William G. Goforth, administrator of Curtiss Haile, deceased, had departed this life, and therefore the writ of error could not be issued and prosecuted in his name.

3. The writ of error in this case cannot be issued and prosecuted to the Circuit Court of St. Clair county, at the time the same was issued, without the consent or agreement of the parties thereto; and such consent has never been given, nor has such agreement ever been made.

DAVID J. BAKER, for his motion, says :

A writ of error, is an original writ.    2 Tidd's Prac., pa. 1134. A writ of error like a *sci. fa.*, is considered a new action. Tidd's Pr., 1141.    The test of the writ of error, is the day of suing it out.   Ibid, 1144.

In case of the death of the party against whom judgment is rendered, the writ is to be brought by his executors or administrators, if the judgment was to recover any debt or damages only, or to recover an interest in lands declared by law to be personal assets.    Graham's Prac., 936.

No person can bring a writ of error to reverse a judgment, who was not a party or privy to the record, or who was not injured by the judgment.    2 Bac. Ab., 456 ;  Euer, B.

Appeals and writs of error may be taken from the Circuit Court of any county, to the Supreme Court held in the division which includes such county, or, with the consent of all the parties in the cause, to the Supreme Court, in the next adjoining division.    State Const., art. 5, sec. 32.

W. MARTIN, contra :

That the transcript upon which the writ issued was filed in this Court in 1847, before the adoption of the new constitution, and that the cause is therefore properly in this Court, and the process was providently. issued, and the defendant is bound under the service, to join in the errors assigned, or the Court will proceed to reverse the judgment.

D. J. BAKER, in reply:

This was a dead, uncomplaining record in the clerk's office, until this writ was issued upon it.    The writ has issued in the name of Goforth, who, as the record shows, is a dead man.    It will be frightful, indeed, if we must be brought into this Court to answer dead men ; it is bad enough to answer living ones.    We have to meet the ghosts of dead men elsewhere.    We do not wish to meet a dead man here, upon this dead record.

Opinion of the Court by TREAT, C. J.:

Lyman Adams obtained a judgment against W. G. Goforth, administrator of Haile, at the May term, 1846, of the St. Clair Circuit Court.    The record was filed in this Court at the De-

cember term, 1847, and a writ of error sued out in the name of Thomas, public administrator, as plaintiff in error, in place of Goforth, who had deceased. At the last term of this Court the writ of error was dismissed, as having improvidently issued. Thomas *vs.* Adams, 5 Gilman, 319. On the 20th November, 1849, a second writ of error was sued out, in the name of W. W. Goforth, administrator of Haile, which the defendant in error now moves to dismiss.

The motion must prevail. This court has now no jurisdiction of the case. The judgment was recovered in one of the counties in the first grand division; and a writ of error for its reversal must issue from the Court in that district. The fact that the record was filed here, before the new constitution went into operation, makes no difference. The writ of error first obtained was dismissed, and from that moment the case passed from the control of this Court. The suing out of the second writ of error was the commencement of a new suit, and when it was issued, this Court, by the express provisions of the constitution, in the absence of any stipulation of the parties, had no jurisdiction over the case.

*Motion sustained.*